ACCEPTED
14-15-00462-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
8/24/2015 6:03:08 PM
CHRISTOPHER PRINE
CLERK

CAUSE NO. 14-15-00462-CV

_____

IN THE COURT OF APPEALS

FOR THE FOURTEENTH SUPREME JUDICIAL DISTRICT

AT HOUSTON

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
8/24/2015 6:03:08 PM
CHRISTOPHER A. PRINE
Clerk

_____

IN RE:

AIDYN ROCHER

AN ADULT

_____

Appealed from the 308th District Court

Of Harris County, Texas

Cause Number 2015-04730

_____

**APPELLANT'S BRIEF**

_____

TOM ABBATE
SBOT# 24072501
440 Louisiana St, Suite 200
Houston, TX 77002
Phone: (832) 687-6447
Fax: (800) 501-3088
tom@tomabbatelaw.com

ORAL ARGUMENT REQUESTED

## IDENTITIES OF PARTIES AND COUNSEL

APPELLANT:                              AIDYN ROCHER
                                        a/k/a ALEX WINSTON HUNTER


COUNSEL FOR APPELLANT:                  TOM ABBATE
                                        SBOT# 24072501
                                        440 Louisiana St, Suite 200
                                        Houston, TX 77002
                                        (832) 687-6447


PRESIDING JUDGE:                        HON. JAMES LOMBARDINO
                                        308th DISTRICT COURT -8th floor
                                        201 Caroline Street
                                        Houston, TX 77002
                                        (713)274-4606

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL .................................................................... 2

TABLE OF AUTHORITIES ......................................................................................... 4

STATEMENT OF THE CASE ........................................................................................ 5

STATEMENT REGARDING ORAL ARGUMENT ...................................................... 6

STATEMENT OF FACTS ............................................................................................. 6

ARGUMENT AND AUTHORITIES ............................................................................ 8

    *ISSUE FOR REVIEW* ......................................................................................... 8

    *The Trial Court's refusal to grant Appellant's petitioned gender change was a violation of the Due Process Clause of the 14th Amendment. Alternatively, Appellant was entitled to the requested relief in the interests of justice.* ........................ 8

    The Law Regarding Texas Birth Certificate Amendments ................................. 8

    The Law Regarding Gender Changes Generally ................................................ 9

    The Law Opined in *Obergefell v. Hodges* ...................................................... 10

    Analysis ............................................................................................................ 11

CONCLUSION AND PRAYER ................................................................................... 16

CERTIFICATE OF NON-SERVICE .......................................................................... 16

CERTIFICATE OF COMPLIANCE ........................................................................... 17

# TABLE OF AUTHORITIES

**Cases**
*Duncan v. Louisiana,* 391 U.S. 145 (1968) ................................................................. 10
*Eisenstadt v. Baird,* 405 U.S. 438 (1972) ................................................................. 10
*Griswold v. Connecticut,* 381 U.S. 479 (1965)........................................................... 10
*In re Estate of Araguz*, No. 13-11-00490-CV (Tex. App. 2014) ...................................... 9
*Lawrence v. Texas,* 539 U.S. 558 (2003).................................................................. 11
*Littleton v. Prange*, 9 S.W.3d 223 (Tex. App. 1999)..................................................... 9
*Obergefell v. Hodges*, 14-556 (2015) .......................................................... 10, 11, 13
*Poe v. Ullman,* 367 U.S. 497 (1961)........................................................................ 10

**Statutes**
Tex. Fam. Code 2.005.................................................................................... 7, 9, 11
Tex. Fam. Code 45.102....................................................................................... 6, 13
Tex. Health & Safety Code § 191.028.................................................................. 8, 12
Tex. Health & Safety Code § 192.011 ................................................................. 8, 12

**Other Authorities**
Form VS-170 .................................................................................................... 9
http://www.dshs.state.tx.us/vs/reqproc/amendment.shtm............................................ 9
http://www.dshs.state.tx.us/vs/reqproc/faq/amendment.shtm ....................................... 9
https://dps.mn.gov/divisions/dvs/Pages/gender-change-policy.aspx............................... 12

CAUSE NO. 14-15-00462-CV

_____

IN THE COURT OF APPEALS

FOR THE FOURTEENTH SUPREME JUDICIAL DISTRICT

AT HOUSTON

_____

IN RE:

AIDYN ROCHER

AN ADULT

_____

Appealed from the 308th District Court

Of Harris County, Texas

Cause Number 2015-04730

_____

**APPELLANT'S BRIEF**

_____

NOW COMES, AIDYN ROCHER a/k/a ALEX WINSTON HUNTER, (hereinafter "Appellant,") and would respectfully show the following:

## STATEMENT OF THE CASE

This is an appeal from the Trial ORDER GRANTING CHANGE OF NAME OF ADULT filed MAY 6, 2015. Appellant has not filed a motion for new trial or any other original appellate proceeding in this cause.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument should be granted in this case. The Appellant filed an ORIGINAL PETITION FOR CHANGE OF NAME OF ADULT, requesting that the trial court change both his name and gender identity. Although the trail court granted the change of name, it refused to grant the change of gender identity. As this appears to be an issue of first impression, oral argument would aid the Court in clarifying the issue and determining the whether the trial court improperly denied that portion of the requested relief.

## STATEMENT OF FACTS

Appellant his petition for name and gender change on January 28, 2015. In the petition, Appellant laid out all of the requisite information for an adult name change pursuant the Texas Family Code. Tex. Fam. Code 45.102. Of note, Appellant pointed out that he had been born in Philadelphia in 1986, and had lived in two other states prior to moving to Texas. Finally, Appellant requested that his name be changed from Aidyn Rocher to Alexander Winston Hunter and that his gender be changed from female to male.

On March 30, 2015, Appellant approached the trial court to obtain a ruling. However, this setting was reset due to the fact that DPS initially incorrectly entered the Appellant's social security number on the criminal history report. Further, the trial court requested that counsel for Appellant bring case law and other authorities

6

regarding gender changes in Texas as it was unsure whether it had the authority to grant relief on that issue.

On May 6, 2015, after DPS filed an amended criminal history report, the trial court held a hearing on Appellant's petition. (RR. – 5). The trial court stated that it had reviewed the case law submitted prior to opening the record in the case. (RR. – 5). Appellant then presented the required evidence on the record and asked that the trial court change his name and gender. (RR. – 5-8).

However, the trial court stated that, although it was granting the change of name, it refused to grant the gender change. (RR. – 8). Counsel then asked the court to take judicial notice of section 2.005(b)(8) of the Texas Family Code. (RR. – 8); Tex. Fam. Code 2.005. Counsel pointed out that, although Texas did not recognize same-sex marriage at that time, section 2.005 laid out the various documents necessary to prove one's identity when applying for a marriage license. (RR. – 8). Further, subsection (b)(8) provides that an applicant for a marriage license can establish their age and identity via "an original or certified copy of a court order relating to the applicant's name change or sex change." Tex. Fam. Code 2.005. Therefore, Texas law at least recognize that a person can legally change their gender. (RR. – 8-9).

To this the trial court responded, "I have signed the order and [will] let the Court of Appeals decide that." (RR. – 9).

# ARGUMENT AND AUTHORITIES

## *ISSUE FOR REVIEW*

***The Trial Court's refusal to grant Appellant's petitioned gender change was a violation of the Due Process Clause of the 14th Amendment. Alternatively, Appellant was entitled to the requested relief in the interests of justice.***

## The Law Regarding Texas Birth Certificate Amendments

Texas law provides that a person may file for an amended their birth certificate in a form prescribed by the department. Tex. Health & Safety Code § 191.028. Further, the department has 30 business days to notify the individual of whether the amendment has been accepted for filing. Tex. Health & Safety Code § 191.028.

Moreover, section 192.011(b) provides that, on the request of the person or the person's legal representative, the state registrar, local registrar, or other person who issues birth certificates shall issue a birth certificate that incorporates the completed or corrected information instead of issuing a copy of the original or supplementary certificate with an amending certificate attached. Tex. Health & Safety Code § 192.011. Finally, the statute states that the department shall prescribe the form for certificates issued under this section. Tex. Health & Safety Code § 192.011.

According to the Texas Department of State Health Services website, Form VS-170, has been designated as the form to amend a birth certificate.

8

http://www.dshs.state.tx.us/vs/reqproc/amendment.shtm. On page two, it specifies that to change sex on a birth certificate, the applicant will need certification by a medical attendant or affidavit and one document (the form specifies the type of documents, including a passport, considered acceptable evidence). Form VS-170. All applications will be reviewed by a specialist. http://www.dshs.state.tx.us/vs/reqproc/faq/amendment.shtm.

**The Law Regarding Gender Changes Generally**

In 1999, a state district court in Texas held that a transgender woman was male as a matter of law, and that transgender people could not legally change their sex assigned at birth under any circumstances. *Littleton v. Prange*, 9 S.W.3d 223, 225 (Tex. App. 1999). However, in 2009, the Texas legislature amended its Family Code to include that an original or copy of an order stating an applicant's name or sex change counts as the proof required for a marriage license. Tex. Fam. Code § 2.005(b)(8). After this change, the Texas Court of Appeals, Thirteenth District, Corpus Christi held that Nikki Araguz, a transgender woman, could indeed be legally recognized as a woman in deciding whether her marriage to her late cisgender husband was valid. *See In re Estate of Araguz*, No. 13-11-00490-CV, 2014 Tex. App. LEXIS 1573 (Tex. App. 2014). *Araguz* and the amendment to the family code, represent a clear trend in Texas law departing from the attitude in *Littleton.*

9

## The Law Opined in *Obergefell v. Hodges*

Recently, the United States Supreme Court ruled that same-sex couples had a constitutional right to marriage. *Obergefell v. Hodges*, 14-556 (2015) (Roberts, C. J., Scalia, J., Thomas, J., and Alito, J., dissenting). Although this case is not directly on point to the one at bar, the Court, in its wisdom, did provide that, under the "Due Process Clause of the Fourteenth Amendment, no State shall 'deprive any person of life, liberty, or property, without due process of law.'" *Obergefell*, 14-556. Moreover, the Court stated that while the "fundamental liberties protected by this Clause include most of the rights enumerated in the Bill of Rights," these liberties additionally "extend to certain personal choices central to individual dignity and autonomy, including intimate choices that define personal identity and beliefs." *Obergefell*, 14-556 (*citing Eisenstadt v. Baird,* 405 U.S. 438, 453 (1972); *Duncan v. Louisiana,* 391 U.S. 145, 147-149 (1968); *Griswold v. Connecticut,* 381 U.S. 479, 484-486 (1965)).

Furthermore, the Court opined that the "identification and protection of fundamental rights is an enduring part of the judicial duty to interpret the Constitution." *Obergefell*, 14-556. Unfortunately, "[t]hat responsibility, however, 'has not been reduced to any formula.'" *Obergefell*, 14-556 (*quoting Poe v. Ullman,* 367 U.S. 497, 542 (1961) (Harlan, J., dissenting)). "Rather, it requires courts to *exercise reasoned judgment in identifying interests of the person so*

*fundamental that the State must accord them its respect.*" *Ibid* (emph. added). In the exercise of that judgment, the courts are "guided by many of the same considerations relevant to analysis of other constitutional provisions that set forth broad principles rather than specific requirements." *Ibid.* Further, "[h]istory and tradition guide and discipline this inquiry but do not set its outer boundaries." *Obergefell*, 14-556 (*citing Lawrence v. Texas,* 539 U.S. 558, 572 (2003)). Finally, the Court stated that "[t]hat method respects our history and learns from it without allowing the past alone to rule the present." *Ibid.*

## Analysis

Appellant was entitled to his requested gender change. Although Texas law does not explicitly provide for gender marker changes by court order, it does allow for, and recognize them as valid. As stated above, a person seeking a marriage license can use a court order changing their gender marker as proof of identity and gender in their application. Tex. Fam. Code 2.005. Although Texas did not recognize same-sex marriage until the Supreme Court's landmark decision, it has explicitly allowed transgendered people to marry others since 2009, provided that the parties were a different gender from each other when they applied for the license.

Further, Texas allows for the gender marker to be changed on a person's birth certificate. As stated above, after filing out the form, providing the necessary documentation, and being reviewed by a specialist, any person, even an adult, may

change their gender marker on their Texas birth certificate. Therefore, it is beyond dispute that Texas recognizes that an adult may change their gender based on their preferences.

However, Appellant cannot avail himself of the procedures for changing his birth certificate because he was not born a Texan. Whether or not a person will be allowed to change the name or gender on their birth certificate depends on the state where they were born. Because Appellant was born in Philadelphia, Pennsylvania, in order to change his birth certificate to reflect his new gender, he would be required to file for it in accordance with the provisions of Pennsylvania law. Therefore, the procedures outlined for changing the gender marker on a Texas birth certificate do not apply to him. See Tex. Health & Safety Code § 191.028; 192.011.

Instead, Appellant needs to change his driver's license gender designation. According to the DPS website, a person can change their gender marker on their driver's license by submitting a certified copy of a court order changing their gender marker. https://dps.mn.gov/divisions/dvs/Pages/gender-change-policy.aspx. Although it also provides that a person desiring such a change may also submit certification that the clinical procedure has been completed, much like those seeking to amend their birth certificate, this should not be a be a bar to transgendered persons seeking a court order.

In order to complete the transition from one gender to another, a court ordered name change will almost always be required as the name they were given at birth will likely pertain to only one gender. Any person seeking a gender change will already be required to avail themselves of the procedure outlined in the family code so that their name does not conflict with their gender in almost all instances. Tex. Fam. Code 45.102. Why then should they be forced to go through two different processes if they are only seeking to change their gender on their driver's license?

Obviously, Texas has recognized that its citizens have a liberty interest in their identity long before the Supreme Court's landmark decision made it clear. *Obergefell*, 14-556. Were it otherwise, they would not have provided a vehicle for Texas-born residents to change it on their birth certificate, or provided a statutory vehicle for a name change. Finally, had they intended for all applicants seeking such an amendment to submit certification that the clinical procedure had been accomplished, they would not have allowed for court orders to satisfy the documentation requirement.

The only issue in question then is whether the Texas Legislature implicitly forbids people from changing their gender through the orders of a Texas court. Although they have not laid out an explicit procedure for doing so similar to a name change, and have not issued a statute or constitutional amendment forbidding such, they have enacted the vehicles for doing so outlined above. Therefore, it cannot be

said that they explicitly forbid citizens to change their gender within the borders of Texas.

Moreover, any argument that they implicitly forbade court-ordered gender changes is without merit. If they had, a court order changing a person's gender would not be sufficient documentation for the DPS. Therefore, we are left with the issue that the family code's failure to provide a vehicle for changing a person's gender, and/or failing to explicitly allow for gender changes in chapter 45 was an oversight, as simply adding the phrase "and/or gender" to the statute would alleviate this confusion in the law.

Further, utilizing chapter 45's change of name provision to change one's gender is the most obvious method of doing so for persons not born in Texas who seek to change their Texas driver's license. First because the name change will be required to make the gender change complete, and second, to avoid the expense and embarrassment of obtaining a medical certification to be reviewed by a "specialist." Therefore, there is no valid reason as to why the name change statute cannot also be used to change one's gender.

Unfortunately, the trial court refused to act because of the conflicts outlined above. Appellant pointed out that Texas case law appears to be moving towards recognizing transgendered rights as members of their chosen gender, and that Texas law at least contemplated that a person could change their gender by court order.

14

However, not having a statute explicitly telling the court that it could issue an order changing the Appellant's gender, it stated that it would "let the Court of Appeals decide that."

Finally, it must be noted that in some jurisdictions the name change statute is already being used to change the gender of some petitioners. In the transgendered community, it is well known that a court order changing one's gender can be obtained in certain courts in San Antonio and Austin. This practice is leading to a disparity in the law whereby a class of people are limited in their due process rights by jurisdiction only. There is no other portion of the law where this is either true, or acceptable in any way.

While those desiring the change can apply in these jurisdictions and thereby obtain relief, they must meet the residency requirements of the county first. If this issue is left as it is, the court will implicitly be requiring people to suffer the expense of moving prior to applying. Again, there is no other portion of the law where such a requirement exists.

Therefore, Appellant has a liberty interest in changing his gender from female to male. Although Texas does not explicitly state that the name change statute may be used to this end, there is no valid reason why it may not. Finally, because Appellant is not a native-born Texan, the procedure delineated for changing a Texas birth certificate is not applicable to him.

# CONCLUSION AND PRAYER

ACCORDINGLY, this Court should SUSTAIN Appellant's ISSUE FOR REVIEW; VACATE the Trial Court's ORDER denying the change of gender; and, REMAND the cause to the Trial Court below for a FURTHER PROCEEDINGS in light of this Court's rulings with regard to the requested gender change.

Appellant further prays for all relief to which she may be entitled.

Respectfully submitted,

_____
TOM ABBATE
SBOT# 24072501
440 Louisiana St, Suite 200
Houston, TX 77002
(832) 687-6447

Attorney for APPELLANT

# CERTIFICATE OF NON-SERVICE

This is to certify that no service of the forgoing document was performed as there is no adverse party to this case.

_____
TOM ABBATE

16

# CERTIFICATE OF COMPLIANCE

I hereby certify that there are 2,899 words contained in this document.

_____

TOM ABBATE